UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                              )
**FRANK SCOTT STRUNIAK**, *et al.*,  )
                              )
       **Plaintiffs**,          )
                              )
   v.                         )    **Civil Action No. 15-852 (RMC)**
                              )
**LEON RODRIGUEZ**, Director, U.S. )
Citizenship & Immigration Services, )
*et al.*,                         )
                              )
       **Defendants**.          )
_____)

**MEMORANDUM OPINION AND ORDER**

        Frank Scott Struniak and Aygul Minigalina challenge the denial of Mr. Struniak's Form I-130 Petition for Alien Relative by U.S. Citizenship and Immigration Services (USCIS). USCIS denied Mr. Struniak's I-130 Petition pursuant to the Adam Walsh Child Safety and Protection Act of 2006, Pub. Law No. 109-248, which requires petitioners who have been convicted of certain offenses against a minor to show that they pose no risk to the I-130 beneficiary. The proposed I-130 beneficiary is his wife, Ms. Minigalina. Plaintiffs sue the following officials in their official capacity: Loretta Lynch, Attorney General; Jeh Johnson, Secretary, Department of Homeland Security; Leon Rodriguez, Director, USCIS; Sarah Taylor, District Director, USCIS; Kimberly Zanotti, Field Office Director, USCIS.

        Plaintiffs reside in Virginia and the USCIS field office that handled this matter is located there. USCIS is headquartered in Washington, D.C. Defendants move to transfer the case to the U.S. District Court for the Eastern District of Virginia, or to dismiss. Plaintiffs oppose.

# I. FACTS

Mr. Struniak was born in the United States and is an American citizen. Compl. [Dkt. 1] ¶ 24. Ms. Minigalina is not a U.S. citizen; she was born in Russia and she entered the United States on a J-1 nonimmigrant visa. *Id*. They married in February 2007 and have lived ever since in Alexandria, Virginia. *Id*. ¶ 26.

On April 2, 2007, Mr. Struniak filed Form I-130 Petition for Alien Relative, seeking the classification of Ms. Minigalina as an "immediate relative" because she is the wife of a U.S. citizen. In February, USCIS requested that Plaintiffs attend an interview at the USCIS office located at 2675 Prosperity Avenue, Fairfax, Virginia. *Id*. ¶ 26; Mot. to Transfer Venue [Dkt. 4], Ex. B (Request for Interview).[1] Despite its location in Virginia, this office is called the "Washington Field Office." Plaintiffs complied with the request and appear at the USCIS office in Virginia for an interview. Compl. ¶ 26.

After the interview, on April 10, 2008, USCIS issued a Request for Evidence (RFE) seeking certified copies of police and court records concerning Mr. Struniak's 1993 conviction in Cambria County, Pennsylvania; Plaintiffs responded and sent the documents to the USCIS office in Virginia. *Id*. The records indicated that Mr. Struniak was convicted in 1993 in Cambria County, Pennsylvania of the following crimes:

      1. Two counts of rape;

      2. Two counts of statutory rape;

      3. Two counts of involuntary deviate sexual intercourse;

      4. Two counts of incest;

      5. Two counts of indecent exposure;

---

[1] The Exhibits cited here are attached to the Motion to Transfer Venue, Dkt. 4.

      6. Two counts of simple assault;

      7. Making terrorist threats;

      8. Two counts of corruption of minors; and

      9. Two counts of endangering welfare of children.

*See* Ex. A (Notice of Denial May 15, 2013). He was sentenced to a term of 60 to 120 months in state prison. *Id*.

      USCIS issued a second RFE on January 26, 2010, asking for certified records indicating that Mr. Struniak had completed counseling or a rehabilitation program or, in the alternative, a psychological evaluation. *Id*. ¶ 28; Ex. D (RFE Jan. 26, 2010). Plaintiffs supplied a psychological evaluation. Compl. ¶ 28. On June 25, 2010, USCIS again interviewed Plaintiffs at its Virginia office. *Id*. On March 15, 2011, USCIS issued another RFE together with a Notice of Intent to Deny. Ex. F (RFE/Intent to Deny Mar. 15, 2011). The Notice indicated that Mr. Struniak may be ineligible to be an I-130 Petitioner because he was convicted of a crime set forth in the Adam Walsh Act and, in order to be eligible, he needed to submit "evidence that clearly demonstrates, beyond a reasonable doubt," that he posed "no risk to the safety and well-being" of the beneficiary of the Petition, *i.e*. his wife. *Id*. Plaintiffs responded by mailing a letter and documents to USCIS. Compl. ¶ 30.

      On May 15, 2012, USCIS denied the I-130 Petition pursuant to the Adam Walsh Act because Mr. Struniak was convicted of offenses against a minor and he did not demonstrate beyond a reasonable doubt that he poses no risk to his wife. Ex. A (Notice of Denial May 15, 2013). Plaintiffs appealed to the Board of Immigration Appeals, but the appeal was denied. The Board of Immigration Appeals is located at 5107 Leesburg Pike, Falls Church, Virginia.

USCIS moves to transfer this case to the Eastern District of Virginia, because that district has significant ties to this case. Plaintiffs reside in Alexandria, USCIS interviewed Plaintiffs in Fairfax, and communications between Plaintiffs and USCIS were sent between Alexandria, Fairfax, and Falls Church, all located within the Eastern District of Virginia. The only connection with the District of Columbia is that USCIS is headquartered here. The record does not indicate the place of residence for the individual officials who are the Defendants.

## II. LEGAL STANDARD

Section 1391 of Title 28 of the U.S. Code governs venue in federal district courts. Subsection (e) is applicable here because Defendants are officers of the United States:

> (e) Actions where defendant is officer or employee of the United States.
>
> (1) In general. A civil action in which a defendant is an officer or employee of the united States or any agency thereof acting in his official capacity or under color of legal authority, or an agency of the United States, or the United States, may, except as otherwise provided by law, be brought in any judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (C) the plaintiff resides if no real property is involved in the action.

28 U.S.C. § 1391(e). The place where a federal officer sued in his official capacity "resides" is not his personal residence, but instead refers to the place where his official duties are performed. *Lamont v. Haig*, 590 F.2d 1124, 1128 n.19 (D.C. Cir. 1978).

A court may dismiss or transfer a case if venue is improper and it is in the interest of justice to do so. *See* 28 U.S.C. § 1406(a). A court may also transfer a case "for the convenience of parties and witnesses and in the interest of justice." *Id*. § 1404(a). Section 1404(a) vests "discretion in the district court to adjudicate motions to transfer according to individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v.*

*Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)). Under this statute, the moving party bears the burden of establishing that transfer is proper. *Trout Unlimited v. Dep't. of Agric.*, 944 F. Supp. 13, 16 (D.D.C. 1996).

A defendant must make two showings to justify transfer. First, the defendant must establish that the plaintiff originally could have brought the action in the proposed transferee district. *Van Dusen*, 376 U.S. at 622-23. Second, the defendant must demonstrate that considerations of convenience and the interest of justice weigh in favor of transfer to that court. *Trout Unlimited*, 944 F. Supp. at 16. As to the second showing, the statute calls on the court to weigh a number of public and private interests. *Stewart Org.*, 487 U.S. at 29. The private interest considerations include: (1) the plaintiff's choice of forum, unless the balance of convenience is strongly in favor of the defendants; (2) the defendant's choice of forum; (3) whether the claim arose elsewhere; (4) the convenience of the parties; (5) the convenience of the witnesses, but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and (6) the ease of access to sources of proof. *Trout Unlimited*, 944 F. Supp. at 16. The public interest considerations include: (1) the transferee's familiarity with the governing laws; (2) the relative congestion of the calendars of the potential transferee and transferor courts; and (3) the local interest in deciding local controversies at home. *Id*.

### III. ANALYSIS

Venue is proper in the District of Columbia under 28 U.S.C. § 1391(e) because the following officials perform their official duties here: Defendants Loretta Lynch, Attorney General; Jeh Johnson, Secretary of the Department of Homeland Security; and Leon Rodriguez, Director of USCIS. *See Lamont*, 590 F.2d at 1128 n.19. However, the case will be transferred to the Eastern District Virginia under § 1404(a).

First, venue would be proper in the Eastern District Virginia, since Plaintiffs live there and a substantial portion of the underlying events took place there. *See* 28 U.S.C. § 1391(e). Second, the case should be transferred because the District of Columbia has so little connection with this case. Ordinarily a plaintiff's choice of forum is entitled to deference, but that choice is not entitled to any great weight where the basis of the suit has little, if any, connection with the chosen forum. *Joyner v. District of Columbia*, 267 F. Supp. 2d 15, 21 (D.D.C. 2003). Where the only real connection a case has to the District of Columbia is that a federal agency headquartered here is charged with generally regulating and overseeing the administrative process, venue should be transferred to the district with a more substantial connection to the case. *Ahmed v. Chertoff*, 564 F. Supp. 2d 16, 19 (D.D.C. 2008) (citing *Abusadeh v. Chertoff*, No. 06-2014, 2007 WL 2111036, at *6-7 (D.D.C. July 23, 2007)); *see also Sierra Club v. Flowers*, 276 F. Supp. 2d 62, 67-68 (D.D.C. 2003) (plaintiff's choice of forum in the District of Columbia is not entitled to deference where the federal officials here did not have an active role in the challenged decision-making and federal officials in Florida were heavily involved in the decision-making).

The District of Columbia has little connection with this lawsuit and the Eastern District of Virginia has a substantial connection. The underlying acts and events took place in Virginia and Plaintiffs live there. The Court finds that it is in the interests of justice and judicial economy and for the convenience of the parties and witnesses to transfer the case to the United States District Court for the Eastern District of Virginia. *See* 28 U.S.C. § 1404(a).

## IV. CONCLUSION

For the reasons stated above, it is hereby

**ORDERED** that Defendants' motion to transfer venue [Dkt. 4] is **GRANTED**; and it is

**FURTHER ORDERED** that this case is **TRANSFERRED** to the U.S. District Court for the Eastern District of Virginia.


Date: October 7, 2015                                    /s/
                                             ROSEMARY M. COLLYER
                                             United States District Judge